IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| STEVEN BRUCE, | * | |
| | * | |
| Petitioner, | | |
| v. | * | Civil Case No.: 16-2061 |
| UNITED STATES OF AMERICA, | * | Criminal Case No.: 14-530 |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pending before the Court is Petitioner Steven Bruce's Motion to Vacate, Set Aside, or Correct a Sentence. ECF No. 67.[1] No hearing is necessary. *See* 28 U.S.C. § 2255(b). For the following reasons, Petitioner's Motion is denied.

**I.     BACKGROUND**

On February 9, 2015, Petitioner pled guilty to a three count superseding indictment, charging him with: (1) Conspiracy to Distribute and Possess with Intent to Distribute 100 grams of Heroin, in violation of 21 U.S.C. § 846; (2) being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g); and (3) Conspiracy to Obstruct Justice, in violation of 18 U.S.C. § 1512(k). ECF Nos. 39, 45. The Court sentenced Mr. Bruce to a period of 84 months incarceration on each count, to run concurrently.

Petitioner's base offense level for Count Two was determined pursuant to U.S.S.G. § 2K2.1(a)(3), which sets the base offense level for a defendant who "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a

---

[1] ECF cites here are to Mr. Bruce's criminal case no. 14-530.

1

controlled substance offense." U.S.S.G. § 2K2.1(a)(3). In Petitioner's case, the prior felony conviction was a 2005 conviction for Maryland Possession with Intent to Distribute Narcotics. ECF No. 45 at 5; PSR at ¶ 41.[2]

Petitioner did not appeal his sentence. On June 13, 2016, Petitioner filed a timely motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence. ECF No. 67. In that motion, Petitioner claimed, *inter alia*, that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) and that he had ineffective assistance of counsel. On September 26, 2016, Petitioner filed a 28-page supplemental memorandum of law in which he expanded upon these claims and withdrew other claims for relief. ECF No. 69-1 at 4. The Government filed an Opposition, ECF No. 69, and Petitioner replied, ECF No. 70.

## II. DISCUSSION

To be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Where, however, a § 2255 petition, along with the files and records of the case, conclusively shows the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. 28 U.S.C. § 2255(b).

---

[2] Although the PSR indicates that the conviction was for *Conspiracy* to Possess with Intent to Distribute Narcotics, the Maryland Judiciary Case Search indicates that the conviction was for Possession with Intent to Distribute Narcotics – not conspiracy. *See U.S. v. Steven Bruce*, Case No. 08-K-05-000405.

### A. Relief pursuant to *Johnson*

Petitioner asserts that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court found the "residual clause" of the Armed Career Criminal Act unconstitutionally vague. *Id.* at 2558. The residual clause defined a "crime of violence" as including "any crime punishable by imprisonment for a term exceeding one year [...] that . . . involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

However, *Johnson* has no impact on Petitioner's sentence because Petitioner's base offense level was not predicated on a "crime of violence" as defined by the residual clause but instead on a prior "controlled substance offense." U.S.S.G. § 2K2.1(a)(3). The base level offense for a defendant who "committed any part of the instant offense subsequent to sustaining one felony conviction of *either* a crime of violence or a controlled substance offense" is calculated pursuant to U.S.S.G. § 2K2.1(a)(3) (emphasis added).

Petitioner had a prior felony conviction for Maryland Possession with Intent to Distribute Narcotics, Md. Crim. Law § 5–602. PSR at ¶ 41. Petitioner's Maryland conviction qualifies as a predicate offense and that conviction remains a qualifying predicate offense under U.S.S.G. § 4B1.2(b) in the wake of *Johnson*. That is because the elements necessary to prove a violation of Md. Crim. Law § 5–602 are the same as the elements making up the guideline definition of a "controlled substance offense." *Compare* Md. Crim. Law § 5–602 *with* U.S.S.G. § 4B1.2(b); *see also Warner v. United States*, 2017 WL 2377707, at *4 (N.D. W. Va. June 1, 2017). Petitioner's argument that Md. Crim. Law § 5–602 criminalizes broader conduct than the guideline definition, meaning that his Maryland conviction was not categorically a predicate offense, ECF No. 69-1 at 17, fails. To support this position, Petitioner points only to irrelevant language in §

5–603. *Id.* That provision does not provide different elements to satisfy the crime that Petitioner was convicted of in 2005, but instead describes an entirely separate criminal violation that is not relevant to the Court's analysis.

Ultimately, because Petitioner's base offense level was not predicated on a "crime of violence," *Johnson* has no impact on Petitioner's sentence.

### B. Ineffective Assistance of Counsel

Petitioner also raises two claims of ineffective assistance of counsel: (1) ineffective assistance of counsel for failure to raise the *Johnson* issue, and (2) ineffective assistance of counsel for failure to object to the weapon/firearm enhancements to Petitioner's offense level.

A criminal defendant has the right to effective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 771 (1970). To be entitled to relief on a claim of ineffective assistance of counsel, a petitioner must show 1) that counsel's performance was deficient and 2) that prejudice resulted from counsel's deficient performance. *Strickland v.* Washington, 466 U.S. 668, 687, 692 (1984). For counsel's performance to be deficient, counsel must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011); *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (both quoting *Strickland*, 466 U.S. at 687). A "deficient performance" is one that falls below objective standards of reasonableness. *Strickland*, 466 U.S. at 687–88. Courts are "highly deferential" to counsel's tactical decisions and petitioners must overcome the presumption that the challenged action falls within "the wide range of reasonable professional assistance." *Id.* at 689.

Because, for the reasons described above, *Johnson* had no impact on Petitioner's conviction or sentence, Petitioner's counsel had no reason to raise the issue, and Petitioner's first claim of ineffective assistance of counsel fails.

Plaintiff's allegation that his counsel was ineffective for failure to object to the firearm enhancements to Petitioner's offense level also fails. Petitioner asserts that "nothing in the record ever established that Petitioner used or possessed" a dangerous weapon in relation to Count One. *Id.* at 25. Therefore, he claims that he should not have received a two-level increase for the dangerous weapon on Count One and a four-level increase for the firearm on Count Two because this amounts to "double counting." *Id.*

"It is well established that the Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended. Accordingly, an adjustment that clearly applies to the conduct of an offense must be imposed unless the Guidelines expressly exclude its applicability." *United States v. Schaal*, 340 F.3d 196, 198 (4th Cir. 2003) (internal quotations and citations omitted). Here, the enhancements Petitioner received were not expressly forbidden by the Sentencing Commission. More importantly, however, as a factual matter, the Court did not double count and instead grouped Counts One and Two together, consistent with the calculations in the Pre-Sentence Report. ECF No. 49, 63. Thus, Defendant was sentenced based solely on the guideline for Count One.

Moreover, Petitioner's claim that "at no point in time was [the] weapon ever displayed, used, or involved in . . . relation to Count One" does not convince the Court that he is entitled to relief on his ineffective assistance of counsel claim. The two-level enhancement Petitioner received on Count One was for possession of a dangerous weapon (or firearm), not use of the weapon in relation to Count One. *See* U.S.S.G. § 2D1.1(b)(1). Therefore, the explicit use of the

weapon in relation to Count One was not necessary to apply the enhancement, and there was no need for counsel to raise that Petitioner did not use the weapon in relation to Count One.

Taken together, Petitioner is not entitled to relief his ineffective assistance of counsel claims.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, no certificate appealability will issue.

### IV. CONCLUSION

For the foregoing reasons Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence, ECF No. 67, is denied. A separate Order shall issue.

Date: <u>April 16, 2019</u>  /s/_____
GEORGE J. HAZEL
United States District Judge